# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

United States of America        )
                                        )
                                        )      No. 16 C 6434
             v.                       )
                                        )      Judge Sara L. Ellis
Anthony Jenkins.                 )
                                        )

## OPINION AND ORDER

A jury convicted Anthony Jenkins of being a felon in possession of a firearm, 18 U.S.C. § 922(g)(1), and he received a sentence of slightly more than fifteen years in prison under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). Years later, in *Johnson v. United States*, --- U.S. ----, 135 S. Ct. 2551, 192 L. Ed. 2d 569 (2015), the United States Supreme Court declared § 924(e)(2)(B)'s "residual clause" unconstitutional and that certain sentences under § 924(e) were unconstitutional as well. Thereafter, Jenkins filed a petition pursuant to 28 U.S.C. § 2255 and moved to vacate and correct his sentence based on *Johnson*. Because Jenkins was convicted of three separate felonies that had as their elements the use, attempted use, or threatened use of physical force before Jenkins broke the law by possessing a firearm, the Court denies the motion.

## BACKGROUND

On June 20, 2007, a jury convicted Anthony Jenkins of unlawful possession of a firearm after a previous conviction for a crime punishable by more than 1 year in prison, 18 U.S.C. § 922(g)(1). *See United States v. Jenkins*, Case No. 06 CR 780-1, Docs. 53, 55.[1] The probation

---

[1] Jenkins' first trial ended in a mistrial. *See United States v. Jenkins*, Case No. 06 CR 780-1, Doc. 45 (ordering mistrial after deadlocked jury). Jenkins' second trial, held months later, ended in a verdict of guilty. *Id.*, Docs. 53, 55. For unknown reasons, Jenkins' judgment and sentencing order states that

department determined that Jenkins qualified as an armed career criminal under the ACCA because of his prior state felony convictions, specifically a 1986 aggravated battery conviction, a 1988 burglary conviction, a 1992 aggravated battery conviction, and a 1998 narcotics distribution conviction. Jenkins objected to the Presentence Investigation Report's reliance on the four convictions as predicate offenses for § 924(e) because the jury had not found that he committed the crimes, but he did not otherwise object to his classification as an armed career criminal. *Id.*, Doc. 61 at 3. The minimum sentence under § 924(e) is fifteen years, or 180 months. *See* 18 U.S.C. § 924(e)(1) ("In the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined under this title and imprisoned not less than fifteen years[.]"). On December 20, 2007, Judge James B. Moran, the presiding district court judge for Jenkins' trial (hereinafter, the "Sentencing Court"), sentenced Jenkins to serve 188 months imprisonment. *See Jenkins*, Case No. 06 CR 780-1, Doc. 73 at 1–2. Jenkins filed a motion pursuant to 28 U.S.C. § 2255 on June 21, 2016, after which his criminal case and his § 2255 petition were reassigned to this Court.

## LEGAL STANDARD

28 U.S.C. § 2255(a) provides that "[a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the Court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court

Jenkins pleaded guilty. *See id.*, Doc. 73 at 1 ("THE DEFENDANT . . . [X] pleaded guilty to count(s) ONE of the indictment[.]").

which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). If the Court finds that the convicted defendant is entitled to relief then "the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues, and make findings of fact and conclusions of law with respect thereto." 28 U.S.C. § 2211(b). However, if the Court finds that "the files and records of the case conclusively show that the prisoner is entitled to no relief," then the Court is permitted to dismiss the motion. *Id.*; *see also Lafuente v. United States*, 617 F.3d 944, 946 (7th Cir. 2010); *Cooper v. United States*, 378 F.3d 638, 641–42 (7th Cir. 2004); Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts.

## ANALYSIS

Jenkins argues that he does not qualify for a sentence under the ACCA and that his sentence is unconstitutional. Section 924(e) provides that the minimum sentence for felons convicted of possessing handguns is fifteen years imprisonment when the defendant has been previously convicted three times for separate violent felonies or serious drug offenses. 18 U.S.C. § 924(e)(1). Section 924(e) defines a violent felony as one that 1) "has as an element the use, attempted use, or threatened use of physical force" (a felony under the "elements clause"); 2) is "burglary, arson, or extortion" (a felony under the "enumerated offenses clause"); or 3) that "otherwise involves conduct that presents a serious potential risk of physical injury to another" (a felony under the "residual clause"). *Id.* § 924(e)(2)(B)(i). The Supreme Court ruled that § 924(e)'s residual clause is unconstitutionally vague, meaning that a conviction must qualify as a violent felony under the elements clause or the enumerated offenses clause to support a sentence under § 924(e). *Johnson*, 135 S. Ct. at 2557; *Stanley v. United States*, 827 F.3d 562, 564 (7th Cir. 2016). *Johnson* retroactively applies to convictions and sentences entered prior to

*Johnson*, allowing collateral review of those cases, as here. *Welch v. United States*, --- U.S. ----, 136 S. Ct. 1257, 1265, 194 L. Ed. 2d 387 (2016). Because 28 U.S.C. § 2255(f)(3) provides Jenkins the opportunity to challenge his sentence within a year after the Supreme Court recognized *Johnson*'s retroactivity for collateral review, *Stanley*, 827 F.3d at 564, Jenkins' petition is timely.

Jenkins understands, and the Government agrees, that, when sentencing Jenkins under § 924(e), the Sentencing Court used his November 12, 1986 aggravated battery conviction, which resulted in a two-year imprisonment sentence (the "1986 aggravated battery conviction"); his April 22, 1988 burglary conviction, which resulted in a three-year imprisonment sentence; his September 10, 1992 aggravated battery conviction, which resulted in a seven-year imprisonment sentence (the "1992 aggravated battery conviction"); and his February 17, 1998 narcotics distribution conviction, which resulted in a six-year imprisonment sentence. Jenkins argues that, after *Johnson*, three of those convictions—the 1986 and 1992 aggravated battery convictions and the 1988 burglary conviction—do not qualify as § 924(e) violent felonies. Because the Government waives any argument that the burglary conviction could sustain the § 924(e) sentence, *see* Doc. 15 at 5 ("[T]he government will not rely on the conviction for burglary"),[2] the Court turns to whether the two aggravated battery convictions, combined with the 1998 narcotics distribution conviction, which Jenkins does not challenge as a predicate for § 924(e), support the sentence.

## I.     1986 Aggravated Battery Conviction

Jenkins pleaded guilty on November 12, 1986 to an information charging him with violating Illinois Revised Statute chapter 38, paragraph 12-4(b)(1). Doc. 15 at 15 (Opp. Ex. A,

---

[2] *See also United States v. v. Haney*, 840 F.3d 472, 475 (7th Cir. 2016) (finding that Illinois burglary convictions were not violent felonies under § 924(e)).

November 7, 1986 Information); *id.* at 19 (November 12, 1986 Judgment and Sentence). At that

time, the Illinois battery statute stated that "[a] person commits battery if he intentionally or

knowingly without legal justification and by any means, (1) causes bodily harm to an individual

or (2) makes physical contact of an insulting or provoking nature with an individual." Ill. Rev.

Stat. 1985 ch. 38 par. 12-3. The Illinois aggravated battery statute added that "[a] person who, in

committing a battery, commits aggravated battery if he either: . . . (1) uses a deadly weapon[.]"

Ill. Rev. Stat. 1985 ch. 38 par. 12-4(b)(1). The parties agree that Illinois aggravated battery is

not an offense enumerated in § 924(e). *Cf.* § 24(e)(2)(B)(ii). Jenkins argues that aggravated

battery also did not have as an element the use, attempted use, or threatened use of physical

force, and that his 1986 aggravated battery conviction thus does not qualify as a violent felony

under § 924(e).

To determine whether a prior conviction qualifies as a violent felony under the elements

clause of § 924(e)(2)(B)(i), the Court must review the elements of the crime. *United States v.*

*Yang*, 799 F.3d 750, 752 (7th Cir. 2015). If the elements of the criminal statute are divisible and

have discrete theories of culpability, then the Court may also review the charging papers, judicial

findings, and defendant's plea concessions to determine if the conviction qualifies as a violent

felony:

> [T]he "modified categorical" approach determines how to classify
> a prior conviction under the Armed Career Criminal Act and
> similar provisions. . . . Under this approach the Court asks whether
> the elements of the crime—rather than what the defendant did in
> fact—bring the conviction within the scope of the recidivist
> enhancement. Usually a statute will be wholly in or wholly out,
> but some statutes are divisible into discrete theories of criminal
> culpability. When a statute is divisible, a court may consider the
> charging papers and judicial findings, or concessions made at a
> plea colloquy, to determine whether the conviction qualifies.

*Stanley*, 827 F.3d at 565 (citations omitted). "[A]ggravated battery in Illinois is a divisible statute" that requires the modified categorical approach. *Id.* at 566; *United States v. Rodriguez-Gomez*, 608 F.3d 969, 973 (7th Cir. 2010) ("Because there is more than one way of committing battery (either by causing bodily harm or by making physical contact that is insulting or provoking), the mere fact that Rodriguez was convicted of aggravated battery does not tell us whether he committed a crime that necessarily involved force.").

The November 7, 1986 information charging the 1986 aggravated battery conviction (the "1986 Information") stated that Jenkins "caused bodily harm to [the victim] by shooting [the victim] in the chest with a deadly weapon, to wit: a pistol." Doc. 15 at 15 (Opp. Ex. A). Causing bodily harm during an aggravated battery involves the use of physical force. *Rodriguez-Gomez*, 608 F.3d at 973–74. Because the 1986 Information charged Jenkins with causing bodily harm while using a deadly weapon, Jenkins' 1986 aggravated battery conviction involved the use of physical force and, thus, was a violent felony under the elements clause. *Id.* at 973–74; *see also United States v. Humphreys*, 468 F.3d 1051, 1055 (7th Cir. 2006) ("The charging information states that 'James Humphries [sic] and Diane Battle struck Warren Cook in the head with a gun, while they were on or about a public way.' This adequately demonstrates that the conviction involved the use of force, and therefore satisfies the ACCA's first alternative definition of 'violent felony.'").

Jenkins, however, argues that relying on anything beyond the statute identified in the 1986 Information—"Chapter 38, Section 12-4(b)(1) of the Illinois Revised Statutes, 1986"—inappropriately mangles the modified categorical approach because paragraph 12-4(b)(1) criminalized any type of battery involving aggravating circumstances and did not distinguish between causing bodily harm and involving mere contact of an insulting nature. But the Seventh

Circuit consistently has held that "aggravated battery in Illinois is a divisible statute," requiring the modified categorical approach. *Stanley*, 827 F.3d at 565 (reviewing challenge that conviction for aggravated battery of a peace officer, 720 Ill. Comp. Stat. § 5/12-4(b)(6) (1997), involved insulting conduct); *Rodriguez-Gomez*, 608 F.3d at 973–74 (using modified categorical approach to determine what type of battery was aggravated by circumstances identified in aggravated battery statute). At the time of Jenkins' conviction, the Illinois aggravated battery statute criminalized, among other things, using a deadly weapon in the commission of a battery, which Illinois statutory law defined as either an act causing bodily harm or any physical contact of an insulting or provoking nature. Ill. Rev. Stat. 1985 ch. 38, §§ 12-3, 12-4(b)(1). Reviewing the 1986 Information to determine that Jenkins pleaded guilty to battery of the type causing bodily harm, aggravated by the use of a deadly weapon, does not inappropriately rely on how Jenkins committed the charged act, as Jenkins suggests. *See Rodriguez-Gomez*, 608 F.3d at 973 ("Because there is more than one way of committing battery (either by causing bodily harm or by making physical contact that is insulting or provoking), the mere fact that Rodriguez was convicted of aggravated battery does not tell us whether he committed a crime that necessarily involved force. Accordingly, we must determine whether Rodriguez was convicted under the first or second prong of the battery statute."). The Court cannot and does not use the 1986 Information to determine whether Jenkins' specific acts involved the use of force; it uses the information to determine which specific crime Jenkins committed under the statute. *See United States v. Woods*, 576 F.3d 400, 405 (7th Cir. 2005) ("[T]he additional materials . . . may be used only to determine *which* crime within a statute the defendant committed, not *how* he committed that crime."). Illinois district courts use the modified categorical approach in the same way that the Court does here, reviewing the defendant's charging information for aggravated battery and

then determining that the aggravated battery conviction involved the use, attempted use, or threatened use of physical force where the information charges that the defendant "caused bodily harm." *See, e.g.*, *Taylor v. United States*, No. 15-CV-1087-MJR, 2016 WL 5369476, at *8–9 (S.D. Ill. Sept. 26, 2016) (reviewing whether aggravated battery conviction qualified as a crime of violence under the elements clause of § 4B1.2(a)(1) of the United States Sentencing Guidelines (defined as a crime that "has as an element the use, attempted use, or threatened use of physical force against the person of another") and finding that the conviction involved causing bodily harm and was a crime of violence because the information stated that the defendant committed aggravated battery by knowingly causing bodily harm to the victim), *reconsideration denied*, No. 15-CV-1087-MJR, 2017 WL 283379 (S.D. Ill. Jan. 23, 2017); *see also Spiller v. United States*, No. 14 C 7821, 2015 WL 2330183, at *4–5 (N.D. Ill. May 14, 2015) ("Spiller's charging document for his 2005 aggravated battery conviction alleged the following: 'Gilbert Spiller committed the offense of aggravated battery of a police officer . . . in violation of Chapter 720 Act 5 Section 12–4(B)(6) of the Illinois Compiled Statutes 1992, as amended[.]' . . . Looking at the charging document, and not at the factual nature of Spiller's conviction, we find that Spiller pleaded guilty to committing a battery that knowingly or intentionally caused bodily harm to the victim, which was properly considered as a second crime of violence for the purposes of applying the career offender enhancement.").

Jenkins also argues that aggravated battery involving bodily harm is not a § 924(e) violent felony because it does not involve the type of physical force that the Supreme Court found necessary to satisfy the elements clause. But the Seventh Circuit has consistently rejected this position, holding through before and after the Supreme Court's definition of physical force in *Johnson v. United States*, 559 U.S. 133, 140–42, 130 S. Ct. 1265, 176 L. Ed. 2d 1 (2010), that

any Illinois battery conviction for causing bodily harm has as an element the use, attempted use, or threatened use of physical force. *United States v. Bailey*, --- Fed. App'x ----, 2017 WL 716848, at *1 (7th Cir. Feb. 23, 2017) ("We already have concluded that the phrase 'causes bodily harm' in the Illinois statutes defining battery and domestic battery means force that would satisfy *Johnson*'s requirement of violent physical force."); *Hill v. Werlinger*, 695 F.3d 644, 649 (7th Cir. 2012) ("We have previously decided that a conviction under the first prong of the Illinois battery statute, 720 ILCS 5/12–3, which requires that the person 'causes bodily harm,' has as an element 'the use, attempted use, or threatened use of physical force.'"); *United States v. Aviles-Solarzano*, 623 F.3d 470, 472 (7th Cir. 2010); *Rodriguez-Gomez*, 608 F.3d at 973–74.

Finally, Jenkins argues that the aggravating factor for his 1986 aggravated battery conviction—the use of a deadly weapon—does not itself make his crime a violent felony. But the Court need not resolve whether the use of a deadly weapon involves the use, attempted use, or threatened use of physical force because the Court has already found that battery causing bodily harm—a violent felony under the elements clause regardless of whether it is accompanied by the use of a deadly weapon—underlies Jenkins' aggravated battery conviction. Therefore, the Court finds that Jenkins' 1986 aggravated battery conviction is a violent felony conviction under § 924(e).

## II.     1992 Aggravated Battery Conviction

Jenkins also challenges whether his 1992 aggravated battery conviction is a violent felony under § 924(e).[3] Jenkins pleaded guilty to a September 10, 1992 amended information (the "1992 Amended Information") that charged him with violating Illinois Revised Statute

---

[3] Jenkins does not spend much time in his Reply on the 1992 aggravated battery conviction after receiving the underlying documents for the conviction, and he maintains that "he has nothing further to add regarding the counting of the aggravated battery with a firearm as an ACCA predicate." Doc. 16 at 10. The Court does not treat this as a waiver of his argument that the 1992 aggravated battery conviction cannot serve as a predicate conviction for § 924(e).

chapter 38, paragraph 12-4.2. *See* Doc. 15 at 25 (Opp. Ex. B, September 10, 1992 Amended

Information charging violation of chapter 38, paragraph 12-4.2); *id.* at 29 (December 8, 1992

Judgement and Sentence). At the time, Illinois law stated that "[a]ny person who, in committing

a battery, knowingly causes any injury to another by means of the discharging of a firearm,

commits aggravated battery with a firearm." Ill. Rev. Stat. 1991, ch. 38 par. 12-4.2.[4] Again,

because aggravated battery is a divisible crime and the parties do not dispute that aggravated

battery is not an offense explicitly enumerated by § 924(e), the Court applies the modified

categorical approach to determine whether the aggravated battery falls within the elements

clause. But unlike the 1986 aggravated battery, the Court need not address what type of battery

underlies Jenkins' conviction because "caus[ing] any injury to another by means of the

discharging of a firearm," *id.*, has as an element the use, attempted use, or threatened use of

physical force.

Physical force means "*violent* force—*i.e.,* force capable of causing physical pain or injury

to another person." *Johnson*, 559 U.S. at 134. The discharge of a firearm to injure a person

involves the use of physical force as defined in *Johnson*. *See Desilva v. United States*, No. 4:16-

CV-4134, 2016 WL 6495393, at *6 (C.D. Ill. Nov. 2, 2016) ("[T]he Court finds that Petitioner's

crime of attempted Illinois aggravated battery with a firearm as the VICAR [a violent crime in

aid of racketeering, 18 U.S.C. § 1959(a)(6)] violent felony fits into the category of crimes of

violence provided by 18 U.S.C. § 924(c)(3)(A). . . . [R]egardless of the residual clause's vitality,

Petitioner's VICAR violent felony fits into the category of crimes of violence provided by 18

U.S.C. § 924(c)(3)(A)."); *Spiller*, 2015 WL 2330183, at *1, 4 (finding that where "he was

---

[4]      In 1992, Illinois switched to a new statutory compilation, moving criminal law statutes from chapter 38 to chapter 720 for the Illinois Compiled Statutes, effective January 1, 1993. Illinois recodified aggravated battery with a firearm as 720 Illinois Compiled Statute 5/12-4.2, which criminalized causing any injury to another by discharge of a firearm at subsection (1). 720 Ill. Comp. Stat. 5/12-4.2(1).

convicted as an adult of two counts of aggravated battery with a firearm and one count of aggravated discharge of a firearm," the petitioner's "1995 conviction for two felony counts of aggravated discharge of a firearm qualifies as one of his prior violent felonies" for purposes of United States Sentencing Guidelines § 4B1.2(a)'s elements clause for physical force); *cf. United States v. Gear*, 577 F.3d 810, 812 (7th Cir. 2009) (holding that reckless discharge of a firearm, in violation of 720 Ill. Comp. Stat. 5/24-1.5(a), "does not have as an element the use or attempted use of force against the person of another," because the statute only required that "[a] person commits reckless discharge of a firearm by discharging a firearm in a reckless manner which endangers the bodily safety of an individual," and "[m]ost convictions under this law appear to arise from shooting guns into the air"). Therefore, the Court finds that the 1992 aggravated battery with a firearm conviction is also a violent felony under § 924(e).

In total, at the time of his § 922(g)(1) conviction, Jenkins had two convictions for violent felonies and one conviction for a serious drug offense, and the Sentencing Court properly sentenced Jenkins under § 924(e)(1).

## CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing § 2255 Cases, the Court must issue or deny a certificate of appealability when it enters a final order adverse to a petitioner. A habeas petitioner is entitled to a certificate of appealability only if he can make a substantial showing of the denial of a constitutional right. *See Miller-El v. Cockrell*, 537 U.S. 322, 327, 123 S. Ct. 1029, 154 L. Ed. 2d 931 (2003) (citing 28 U.S.C. § 2253(c)(2)). To make a substantial showing, the petitioner must show that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S.

473, 484, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4, 103 S. Ct. 3383, 77 L. Ed. 2d 1090 (1983)).  The requirement of a certificate of appealability is a threshold issue and a determination of whether one should issue neither requires nor permits full consideration of the factual and legal merits of the claims.  "The question is the debatability of the underlying constitutional claim, not the resolution of that debate."  *Miller-El*, 537 U.S. at 342.

For the reasons stated above, the Court finds that there can be no showing of a substantial constitutional question for appeal, as reasonable jurists would not find this Court's rulings debatable.  *See Lavin v. Rednour*, 641 F.3d 830, 832 (7th Cir. 2011).  Accordingly, the Court declines to issue a certificate of appealability.

## CONCLUSION

For the foregoing reasons the Court denies Jenkins' motion, terminating his case, and denies a certificate of appealability.

Dated: March 13, 2017

SARA L. ELLIS
United States District Judge